# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| TIMOTHY A. PERRY, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CITY OF ARKANSAS CITY, KANSAS, et al., ) <br> ) <br> Defendants. ) <br> ) | Case No. 17-1157-JTM-GEB |

## REPORT AND RECOMMENDATION

Simultaneous with the filing of this order, the Court granted Plaintiff's request to proceed in this case without prepayment of the filing fee (Order, ECF No. 10). However, the authority to proceed without payment of fees is not without limitation. Under 28 U.S.C. § 1915(e)(2), sua sponte dismissal of the case is required if the court determines that the action 1) is frivolous or malicious, 2) fails to state a claim upon which relief may be granted, or 3) seeks relief from a defendant who is immune from suit. Furthermore, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court *must* dismiss the action."[1] After application of these standards, the undersigned Magistrate Judge issues the following report and recommendation of dismissal pursuant to 28 U.S.C. § 636(b)(1)(B).

---

[1] *King v. Huffman*, No. 10-4152-JAR, 2010 WL 5463061, at *1 (D. Kan. Dec. 29, 2010) (citing Fed. R. Civ. P. 12(h)(3)) (emphasis added).

## I. Background

Plaintiff Timothy A. Perry files this lawsuit against the City of Arkansas City, Kansas, and certain city officials, including Nick Hernandez (City Manager), Tamara Niles (City Attorney), Leslie Shook (City Clerk), and Dan Ward (Chief of Police). Plaintiff claims harassment and retaliation surrounding his attempts to file documents in City Hall (ECF No. 1).

This is not Plaintiff's first lawsuit against a member of the Arkansas City police department, nor against a municipality for issues with filing documents. In late 2013, Plaintiff filed four civil actions in this court within approximately six weeks' time: *Perry v. Ark City Police Department*, 13-1383-MLB-KMH (filed Oct.8, 2013); *Perry v. City Clerk of Winfield, Kansas*, 13-1408-MLB (filed Oct. 28, 2013); *Perry v. Cowley County Community College*, 13-1425-JTM (filed Nov. 12, 2013); and *Perry v. Pringle*, 13-1436-MLB (filed Nov. 18, 2013). Each case was dismissed on its merits, as failing to state a claim or as frivolous under 28 U.S.C. § 1915(e)(2)(B), or for the court's lack of jurisdiction under Fed. R. Civ. P. 12(h)(3).

In his first lawsuit in this District, Case No. 13-1383-MLB-KMH, Plaintiff sued the Arkansas City Police Department and two of its officers. He claimed he was racially profiled when questioned on a public street by a city police officer. The court found his claims conclusory and not based on any factual allegations, and dismissed the case under 28 U.S.C. § 1915(e)(2)(B)(i), (ii) as frivolous and for failure to state a claim on which relief

could be granted.[2]

Less than three weeks after filing that case, Plaintiff filed a second case; this one against the Winfield Police Department and Winfield City Clerk, in Case No. 13-1408-MLB-KMH. Plaintiff claimed he was harassed when stopped on the street by a Winfield police officer, who asked for his identification and whether he possessed a permit for fundraising. Because Plaintiff did not make his claims under any federal statute, the court found it lacked subject matter jurisdiction over his claims, and dismissed his case for lack of jurisdiction under Fed. R. Civ. P. 12(h)(3), and as frivolous under 28 U.S.C. § 1915(e)(2)(B).[3]

Two weeks later, Plaintiff filed Case No. 13-1425-JTM-KGG, alleging negligent and intentional infliction of emotional distress by both the president and the head of security for Cowley County Community College. The court dismissed the case for lack of jurisdiction over what it considered to be state law claims.[4]

Days later, Plaintiff filed a fourth lawsuit. That case was filed against Judge Jim Pringle, a district court judge in Cowley County, Kansas; Case No. 13-1436-MLB-KMH. Plaintiff claimed his civil rights were violated when a member of the judge's staff refused to accept his documents in a child support case, and alleged Judge Pringle imposed an

---

[2] *Perry v. Ark City Police Dep't*, No.13-1383-MLB-KMH, 2014 WL 129389, at *1 (D. Kan. Jan. 14, 2014) (adopting Report and Recommendation of the U.S. Magistrate Judge).
[3] *Perry v. City Clerk of Winfield, Kans.*, No. 13-1408-MLB-KMH, 2014 WL 172200, at *1 (D. Kan. Jan. 15, 2014) (adopting Report and Recommendation of the U.S. Magistrate Judge).
[4] *Perry v. Cowley Cty. Cmty. Coll.*, No. 13-1425-JTM, 2013 WL 6804185, at *2 (D. Kan. Dec. 23, 2013).

improper sentence upon him in 2003. The court dismissed the case, finding his claims barred by the doctrine of judicial immunity and finding his claims frivolous under 28 U.S.C. § 1915(e)(2)(B).[5]

Following the dismissal of Plaintiff's cases, the Kansas federal court imposed filing restrictions. In each of the 2013 cases, a "Notice of Filing Restrictions" was entered by U.S. Senior District Judge Monti L. Belot, establishing filing parameters for any filings attempted by Mr. Perry after January 27, 2014.[6] Those parameters require him to engage in three specific steps, prior to filing any future lawsuit he wishes to commence in the District of Kansas without representation by authorized counsel. He is to:

1. File with the clerk of this court a motion requesting leave to file a pro se case, regardless of payment of the filing fee;

2. Include in the motion the following information:

   a. A list, by case name, number, and citation where applicable, of all proceedings currently pending or filed previously in this court with a statement indicating the current status of disposition of each proceeding;

   b. A list apprising this court of all outstanding injunctions, contempt orders, or other judicial directions limiting his access to any state or federal court, including orders and injunctions requiring him to be represented by an attorney; said list to include the name, number and citation, if applicable, of all such orders and injunctions; and

3. File with the clerk a notarized affidavit, or a statement pursuant to 28

---

[5] *Perry v. Pringle*, No. 13-1436-MLB-KMH, 2014 WL 129391, at *3 (D. Kan. Jan. 14, 2014) (adopting Report and Recommendation of the U.S. Magistrate Judge).

[6] *See* Notice of Filing Restrictions, No. 13-1383-MLB-KMH, ECF No. 11; No. 13-1408-MLB-KMH, ECF No. 10; No. 13-1425-JTM-KGG, ECF No. 9; and No. 13-1436-MLB-KMH, ECF No. 9.

> U.S.C. § 1746, which recites the claims Perry seeks to bring and against whom as well as a statement of the legal basis asserted for the claims, including this court's jurisdiction. The affidavit or statement must also certify that the claims and legal arguments advanced are not frivolous or made in bad faith; that they are warranted by existing law; that they are not interposed for any improper purpose; and that Perry will comply with all federal rules and rules of this court.[7]

Prior to filing any new case, Plaintiff is to submit these items to the clerk, who will forward them to the appropriate judge for review and a determination of whether Plaintiff's case should proceed.[8]

In <u>this</u> case, filed July 3, 2017, Plaintiff did not submit a motion requesting leave to file, as directed in Step 1. Instead, he filed his Complaint and related documents with the clerk's office. After recognizing Plaintiff's failure to follow the protocol established by the filing restrictions, the undersigned U.S. Magistrate Judge issued an Order to Show Cause, requiring Plaintiff to demonstrate compliance (Order, ECF No. 7). Plaintiff responded (ECF No. 9), and the matter is before the Court for decision on whether to permit the case to proceed, either on the basis of the imposed restrictions or under 28 U.S.C. § 1915(e).

## II.  Analysis

The factual and legal basis for Plaintiff's current lawsuit bears some resemblance to that of his earlier cases, in that Plaintiff claims the Arkansas City police department, working with the city officials, conspired to violate his rights to file fundraising documents. As in previous cases, Plaintiff describes himself as a professional fundraiser living and

---

[7] *See* Notice of Filing Restrictions, *supra* note 6.

doing business in Arkansas City, Kansas. He insists his civil rights have been violated, and Defendants retaliated against him and created a hostile environment in violation of 42 U.S.C. § 1983. As factual support for his claim, he asserts that in April 2013, and unspecified occasions thereafter, he entered city hall to seek a fundraising permit, and city officials contacted the police department. He claims "every time" he left the clerk's office "the police would show up." (ECF No. 1, at 2.) He also claims that, on unspecified dates, he would attempt to file documents in the court clerk's office and the police "showed up with their guns pointed" at him. (*Id*.) He complains that he has been attempting to obtain a permit from the city from 2005-2016, but the defendants conspired against him to prevent him from obtaining a permit. (*Id*. at 3.) Most recently, he claims to have been turned away from the Arkansas City clerk's office on March 25, 2016, and the police were called. He claims the Arkansas City officials named in his Complaint committed intentional and negligent infliction of emotional distress by calling the police on Plaintiff whenever he attempts to conduct city business, and he has suffered three heart attacks as a result of this issue.

### A. Compliance with Filing Restrictions

Merits of his claims aside, Plaintiff's Complaint could be dismissed for his failure to comply with the previously-imposed filing restrictions. He remains subject to those restrictions, and he does not challenge their validity. Rather, he only claims to have been

---

[8] *Id*.

unaware of the restrictions (ECF No. 9), despite having been notified of them by certified mail.[9]

Both the District of Kansas and the Tenth Circuit have "repeatedly recognized the inherent right of the federal courts to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances."[10] The restrictions imposed by this District serve the purpose of ensuring that "its resources are not wasted by persons filing, or attempting to file," cases which either lack merit or over which the court lacks jurisdiction.[11] The Tenth Circuit has upheld dismissal of cases for failure to comply with similar restrictions.[12]

Here, although Plaintiff initially ignored the restrictions, he did timely respond to the show cause order (ECF No. 9). However, his response did not include all information required. He did not provide a list of other proceedings previously filed in this court, or a list apprising this court of all outstanding judicial directions limiting his access to any other court. He did, however, include a copy of his letter from the City of Arkansas prohibiting his entry on city-owned property (discussed below) (ECF No. 9, at 4, dated May 9, 2013). As required, he included a notarized statement that his case is not frivolous, although his

---

[9] *See* Certified Mail Receipt Returned, No. 13-1383-MLB-KMH, ECF No. 12; No. 13-1408-MLB-KMH, ECF No. 11; No. 13-1425-JTM-KGG, ECF No. 10; and No. 13-1436-MLB-KMH, ECF No. 10.
[10] *Stine v. U.S. Fed. Bureau of Prisons*, 465 F. App'x 790, 796 (10th Cir. 2012) (internal quotation omitted) (collecting cases imposing filing restrictions).
[11] *See* Notice of Filing Restrictions, *supra* note 6.
[12] *See Stine*, 456 F. App'x at 799-800 (upholding the district court's denial of plaintiff's complaint without prejudice for failure to comply with previously-imposed filing restrictions, similar to those

support for that statement is simply because this case "is in more detail." As additional support for his statement, he cites 18 U.S.C. § 1501, a statute criminalizing any assault of a process server. However, this criminal statute does not provide the basis for Plaintiff's private civil action.

Although Plaintiff put forth some effort to comply with the Court's order, his efforts were not entirely successful. Ultimately, the purpose of the filing restrictions is to assess the viability of Plaintiff's proposed lawsuit prior to the court's expense of time and energy on a frivolous case. At this point, however, the Court has fully reviewed Plaintiff's lawsuit and is prepared to issue an opinion on the merits. Regardless of whether the case is recommended for dismissal under Fed. R. Civ. P. 41(b) for Plaintiff's failure to fully comply with the filing restrictions, or whether it is reviewed on its merits, the undersigned U.S. Magistrate Judge does recommend dismissal. Affording Plaintiff some latitude as a pro se litigant, he did attempt to comply with the Order to Show Cause and filing restrictions, however imperfect his attempt may be. Therefore, without making a finding of whether he complied with the restrictions sufficient to withstand dismissal, the Court analyzes the merits of his lawsuit.

### B. Failure to State a Claim

Under 28 U.S.C. § 1915(e)(2)(B)(ii), the court may dismiss an *in forma pauperis* plaintiff's case at any time if it determines that the action fails to state a claim on which

---

imposed in this action).

relief may be granted. Plaintiff proceeds pro se and therefore his pleadings must be liberally construed;[13] however, he still bears the burden to allege "sufficient facts on which a recognized legal claim could be based,"[14] and the Court cannot "take on the responsibility of serving as [his] attorney in constructing arguments and searching the record."[15]

The Court reviews the sufficiency of Plaintiff's claims under the same standards as those used when considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6).[16] Plaintiff "must allege sufficient facts to state a claim which is plausible—rather than merely conceivable—on its face."[17] Additionally, he must present a reasoned claim demonstrating an arguable basis in both law and fact.[18] After reviewing Plaintiff's Complaint and Response to the Show Cause Order, this Court recommends Plaintiff's claims be dismissed for failing to meet this burden.

Although Plaintiff omits this claim from his specifically-numbered causes of action (ECF No. 1, at 3-4), he cites 42 U.S.C. § 1983 as one basis for his claims, asserting the defendants deprived him of his civil rights. To state a viable claim under 42 U.S.C. § 1983, Plaintiff must allege that he suffered the deprivation of a right secured by the constitution or

---

[13] *Hall v. Bellmon*, 935 F. 2d 1106, 1110 (10th Cir. 1991).
[14] *Id*.
[15] *Mays v. Wyandotte County Sheriff's Dep't*, 419 F. App'x 794, 796 (10th Cir. 2011)
[16] *See Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007).
[17] *Fisher v. Lynch*, 531 F. Supp. 2d 1253, 1260 (D. Kan. Jan. 22, 2008) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).
[18] *See Harris v. Campbell*, 804 F. Supp. 153, 154 (D. Kan. 1992) (defining "frivolous" as an "inarguable legal conclusion" or "fanciful factual allegation") (citing *Neitzke v. Williams,* 490 U.S. 319 (1989)); *see also Parker v. Gosmanova*, 335 F. App'x 791, 793 (10th Cir. 2009) (dismissing appeal because the pleadings "lack an arguable basis in law and fact").

laws of the United States and that Defendants, acting under color of state law, caused the deprivation.[19] As support for his claim, Plaintiff states "the defendants' conduct was abusive and they created a hostile environment in violation of 42 U.S.C. § 1983." (ECF No. 1, at 2.) He fails to identify any specific constitutional right of which he was deprived, but claims the defendants deprived him of his "everyday rights." (ECF No. 9, at 2.) Without more than this vague, conclusory statement, the Court is not tasked with constructing his claim for him.[20]

Moreover, Plaintiff submitted a copy of a letter written to him by the Arkansas City Manager on May 9, 2013, which informed Plaintiff that he is prohibited from entering any City buildings, due to his prior threatening letters and disruptive personal appearances at City Hall (ECF No. 9, at 4). The same letter notifies Plaintiff that he may visit the lobby of the police department, but he will be assisted by a uniformed officer to conduct any City business. (*Id*.) Even when accepting Plaintiff's allegations that police officers were called whenever he attempted City business—it appears the City was merely following through on its promise.

In addition to his § 1983 claim, Plaintiff alleges as Count 1 of his Complaint that Defendants were harassing him, as prohibited under 18 U.S.C. § 1514 (ECF No. 1, at 3). But this statute only provides a mechanism for the federal district court to prohibit

---

[19] *Lingenfelter v. Bd. of County Comm'rs of Reno County, Kan.*, 359 F. Supp. 2d 1163, 1168 (D. Kan. 2005) (citing *West v. Atkins,* 487 U.S. 42, 48 (1988)).
[20] *See Latham v. Vanhoose*, No. 07-3268-SAC, 2007 WL 4139652, at *1 (D. Kan. Nov. 16, 2007) (citing *Whitney v. New Mexico,* 113 F.3d 1170, 1173–74 (10th Cir. 1997)).

harassment of a victim or witness of a criminal case; this statute does not provide the basis for a private cause of action.

Even affording Plaintiff some latitude as a pro se litigant, the Court finds his pleadings fail to state a claim on which the Court could grant relief. He does not identify what constitutional right the defendants allegedly violated, nor does he provide sufficient facts to demonstrate his federal constitutional rights were violated. His conclusory allegations without supporting facts are insufficient to support a plausible § 1983 claim.[21] Additionally, 18 U.S.C. § 1514 provides no basis for a private citizen to make a civil claim. And, when taking into consideration the City's previous notification to Plaintiff of expected police involvement if he enters city offices, the Court finds his claim does not reach a level of plausibility to avoid dismissal.

### C. Lack of Jurisdiction

In addition to his § 1983 claim and his Count 1 citing 18 U.S.C. § 1514, Plaintiff names three other specific causes of action against Defendants. Count 2 of his Complaint claims intentional infliction of emotional distress, while Count 3 asserts negligent infliction of emotional distress. In Count 4 of his Complaint, Plaintiff includes a claim for punitive damages. The Court briefly addresses each specified cause of action.

Regarding Plaintiff's claims of intentional and negligent infliction of emotional distress, these causes of action are state law tort claims, and do not properly invoke the

---

[21] *See id.* (dismissing the pro se plaintiff's § 1983 claim, noting "Conclusory allegations without

power of this federal court, standing alone. Without a valid federal claim, the Court finds no compelling reason to exercise supplemental jurisdiction over the state law claims.[22] Additionally, it is clear that all parties are Kansas residents and therefore there is no diversity of citizenship on which to base diversity jurisdiction. Therefore, this court lacks subject matter jurisdiction to decide the state law claims in Counts 2 and 3 of Plaintiff's Complaint, and they must be dismissed.[23] Finally, without any valid claim on which to assess damages, the Court does not consider Plaintiff's claim for damages in Count 4 of his Complaint.

### D. Conclusion

After careful review, and being mindful that he proceeds on a pro se basis, the Court finds Plaintiff fails to state a plausible claim for relief under 42 U.S.C. § 1983, attempts to bring a claim under a criminal statute, and does not allege a basis for this Court to assume jurisdiction over his state law claims. Therefore, it is recommended that the Court dismiss Plaintiff's claims under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted and for lack of subject-matter jurisdiction under Fed. R. Civ. P. 12(h)(3).

Although the Court made no determination regarding Plaintiff's compliance with the

---

supporting factual averments are insufficient to state a claim on which relief can be based.").
[22] *See Rudkin v. Sedgwick Cty., Kan.*, 469 F. Supp. 2d 953, 960 (D. Kan. 2007) (noting the court's discretion to exercise supplemental jurisdiction over state law claims when federal claims are dismissed, and declining to exercise supplemental jurisdiction over the plaintiff's state law claims).
[23] *Fulcher v. Sawyer*, 1999 WL 297495, at *1 (D. Kan. Apr. 6, 1999)

previously-imposed filing restrictions, Plaintiff is cautioned that future filings will be subject to the same restrictions. He must carefully follow the steps outlined therein for any future actions he wishes to file in this Court.

**IT IS THEREFORE RECOMMENDED** that this case be dismissed for failure to state a claim on which relief may be granted under 28 U.S.C. § 1915(e)(2)(B)(ii) and for lack of subject-matter jurisdiction under Fed. R. Civ. P. 12(h)(3).

Pursuant to 28 U.S.C. § 636(b)(1)(C), Fed. R. Civ. P. 72(b) and D. Kan. Rule 72.1.4(b), Plaintiff may file a written objection to the proposed findings and recommendations with the clerk of the district court within fourteen (14) days after being served with a copy of this recommendation and report. Failure to make a timely objection waives appellate review of both factual and legal issues.[24]

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 22nd day of September, 2017.

    s/ Gwynne E. Birzer
GWYNNE E. BIRZER
United States Magistrate Judge

---

[24] *Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1119 (10th Cir. 2005).